Omaha Loan & Trust Co. v. Walenz.

---

OMAHA LOAN & TRUST COMPANY, APPELLEE, V. MICHAEL WALENZ, APPELLANT.

FILED MARCH 5, 1902. No. 11,396.

1. **Motion to Vacate.** The filing of a motion to vacate a decree under the provision of subdivision 3 of section 602 of the Code of Civil Procedure does not of itself have the effect of avoiding or suspending further proceedings in the execution of the decree,

nor would a sale made in pursuance thereof be invalidated because such motion had not been acted on by the court nor waived by the party filing the same.

2. **Motion: Appeal.** The action or non-action of a trial court on such motion can not be reviewed on an appeal from a final order of confirmation of sale.

Appeal from the district court for Douglas county. Heard below before Dickinson, J. *Affirmed.*

*William H. Crow* and *L. F. Hale*, for appellant.

*E. H. Scott*, contra.

Holcomb, J.

On appeal from an order of confirmation of sale of real estate in foreclosure proceedings appellant argues that the sale and order of confirmation can not be sustained, because, as alleged, the decree by virtue of which the subsequent proceedings were had is invalid and of no force and effect. The contention is grounded on the claim that after the rendition of the decree, and at a subsequent term, a motion was presented to the trial court to vacate and set aside the decree under the provision of the third subdivision of section 602 of the Code of Civil Procedure, authorizing the court to vacate its own decrees at a subsequent term on the ground of "mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order"; and that such motion has not been acted upon by the trial court nor waived by the appellant. If this is true,—which we do not undertake to determine,—there should be, and probably, upon calling the attention of the trial court to the fact, would be, a ruling on the motion to vacate the decree, allowing to either party, if dissatisfied, an exception, with the right of review. But, so long as the decree remains in force, is not vacated, and no proceedings are taken to reverse it or stay its execution, the mere filing of a motion to set it aside, on which no action is taken, will not have the legal effect of rendering it inoperative, or prevent a party from enforcing his rights

thereunder. No effort appears to have been made under the authority contained in section 607 to have further proceedings in the cause suspended pending a hearing on the motion to vacate, and no order suspending further proceedings under the decree appears in the record. The decree being in full force and effect notwithstanding the filing of a motion to have it vacated, and no suspension having been granted, the appellee was authorized to proceed- thereunder, and sell the mortgaged property to satisfy the amount found due; and, the sale made in pursuance thereof being regular in all respects, and in conformity with law, the court very properly entered the order of confirmation appealed from. We may assume, in the absence of any record, that the motion to vacate has been overruled as without merit, in which event there can scarcely be any question as to the validity and effectiveness of the decree at all times since its rendition. In any event, we can not review the action or non-action of the trial court on the motion to vacate its decree in proceedings on appeal from a final order of confirmation. The order complained of is accordingly

AFFIRMED.